**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:17-CR-00012-KDB-DSC**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**RANDY LEE BIVENS,**<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to "review" his conviction (Doc. No. 105).

Defendant moves the Court to "review" his conviction of violation of 18 U.S.C. § 922(g), which the Court will treat as a motion for the appointment of counsel to represent him in pursuing relief under the Fourth Circuit's decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require, and the prisoner is financially unable to obtain representation. *See* 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. *See United States v. Riley*, 21 F. App'x

139, 141-42 (4th Cir. 2001). Additionally, the Court notes that *Gary* was recently reversed by *Greer v. United States*, 141 S. Ct. 2090 (2021).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion (Doc. No. 105) is **DENIED.**

Signed: July 15, 2021

Kenneth D. Bell
United States District Judge